# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
### SOUTHERN DIVISION

| | |
|---|---|
| **DAVID J. SZYMANSKI**, Plaintiff, v. **WARREN EVANS and COUNTY OF WAYNE**, Defendants. | 2:19-cv-11008 HON. TERRENCE G. BERG **ORDER GRANTING MOTION TO DISMISS** |

This case raises the question of whether a retired Wayne County probate judge's years of service on the court may be considered in determining whether he is eligible to receive continuing health insurance coverage under Wayne County's so-called "Amann Resolutions" plan while in retirement. Plaintiff David Szymanski, who had served for 20 years as a Wayne County probate judge, five years as the County's Chief Deputy Treasurer, and one year as a laborer for the County Road Commission filed this 42 U.S.C. § 1983 action alleging that the County of Wayne and Warren Evans, Chief Executive Officer of the County, are improperly denying him healthcare benefits he is entitled to as a retired County employee. After carefully considering the terms of the plan and viewing the facts in the light most favorable to Plaintiff, the Court must conclude that Plaintiff has failed to state a claim upon which relief could

1

be granted. The Court will accordingly grant Defendants' motion to dismiss.

## BACKGROUND

Beginning in 1993 the Wayne County Commission, the County's legislative body, enacted a series of ordinances known as the "Amann Resolutions." These resolutions permit individuals who have served in a qualifying County position for at least eight years to receive post-employment healthcare coverage. *See* ECF No. 9-2, PageID.66–67 (County Resolution No. 2011-512). In 2011, the Commission enacted Resolution 2011-512,[1] the most recent of the Amann Resolutions, which provides in relevant part:

> If a person is separated from the County after January 1, 1994, *with at least a total of 8 years of County service* [and has served in one of the enumerated qualifying positions] . . . that person shall be entitled to the same insurance and health care benefits for himself or herself, his or her spouse and dependents, as a retiree from the Defined Benefit Plan 1.

Under the language of the ordinance, only a former employee who served in a qualifying position and who also has "at least a total of 8 years of County service" is eligible for post-employment healthcare benefits. Plaintiff was elected to Wayne County Probate Court in 1990. ECF No. 1, PageID.4 (Compl.). He spent 19 years serving as a probate judge, from January 1, 1991 until December 22, 2010. ECF No. 1, PageID.4. He was

---

[1] Earlier versions of this resolution enacted in 1993 and 1994 contained similar language. *See* Resolution Nos. 93-742, 94-903.

subsequently appointed to serve as Chief Deputy Treasurer of the County in 2010 and remained in that role until his retirement in September 2015. ECF No. 1, PageID.5–6. The parties agree that Plaintiff's time as Chief Deputy Treasurer satisfies the component of Resolution No. 2011-512 requiring individuals seeking post-employment coverage to have served in one of the resolution's enumerated qualifying positions.[2] Plaintiff had also previously spent one year working for the Wayne County Road Commission as a laborer during the 1970s. ECF No. 1, PageID.4. Because Plaintiff's employment as Chief Deputy Treasurer for the County and as a laborer represents only approximately five years and nine months years of "County service" the dispositive question in this case is whether Plaintiff's 19 years of employment as a County probate judge also counts as "County service." *See* ECF No. 9-4 (Pl.'s Employee Roster Report). If it does, he is entitled to post-employment healthcare coverage under the Amann Resolutions; if not, he fails to qualify.

Plaintiff asserts that various County representatives assured him his service as a probate judge would make him eligible for post-retirement healthcare benefits. ECF No. 1, PageID.4. For example, as he approached the end of his tenure as a probate judge Plaintiff consulted with Tim Taylor, Director of Human Resources for Wayne County, about

---

[2] The enumerated qualifying positions include certain employees of the Wayne County Commission and the executive branch of Wayne County government, as well as "elected executive officers of the County and elected members of the Wayne County Commission." ECF No. 92, PageID.66–67.

his future retirement benefits. He claims Taylor reassured him that his almost two decades as a probate judge would count towards the requisite "County service" required for Amann benefits. ECF No. 1, PageID.5. Indeed, Taylor subsequently confirmed to Plaintiff by email that he and his dependents would become eligible for the Amann benefits. ECF No. 1, PageID.6. Plaintiff further alleges that during a 2015 meeting with Ken Wilson, a representative of the County's Human Resources Department, Wilson reiterated that Plaintiff would be eligible for post-employment healthcare benefits beginning in October 2015. ECF No. 1, PageID.7. Consistent with Wilson's comments, a statement of Plaintiff's retirement benefits he obtained dated August 22, 2015 described him as "Eligible for health/life insurance" and stated that he had spent more than 25 years in the service of Wayne County. ECF No. 9-5, PageID.79 (Pl.'s Wayne Cty. Emp. Ret. Sys. File). He further observes that his paychecks were issued by Wayne County. ECF No. 1, PageID.4. After Plaintiff retired in September 2015, he continued to receive healthcare coverage through December 2015. ECF No. 1, PageID.8–9; ECF No. 9, PageID.52 (Defs.' Mot. To Dismiss Br.). Although Plaintiff characterizes that coverage as Amann benefits, Defendants assert he was in fact receiving retiree-healthcare benefits as part of the Executive Benefit Plan (not Amann benefits). *Compare* ECF No. 1, PageID.8–9 *with* ECF No. 9, PageID.52.

On October 28, 2015, Human Resources Director Tish King issued Administrative Personnel Order 03-2015 which ended certain retiree and Amann healthcare benefits, replacing them with monthly stipends. *See* ECF No. 1, PageID.9; ECF No. 9, PageID.52. According to Plaintiff it was Evans who authorized or directed King to issue this order. In 2018, Wayne County again made changes to its healthcare program, offering Amann-eligible individuals the option of either reinstating their healthcare coverage or remaining in the stipend program by waiving future healthcare coverage. ECF No. 9, PageID.53. Plaintiff asserts that in June 2018 the County sent letters to several retirees informing them that their Amann benefits were being restored. ECF No. 1, PageID.11. But he was not among the recipients of that letter. *Id*. Plaintiff then met with members of the Wayne County Corporation Counsel's office to figure out why he was not being provided the option of having his benefits restored. ECF No. 1, PageID.12. During this meeting, attorneys for the County explained to Plaintiff that he was not entitled to Amann benefits because his position as a probate judge did not constitute service as an employee of the County and he therefore lacked the requisite eight years of "County service." ECF No. 1, PageID.12.

Plaintiff filed this lawsuit on April 4, 2019 asserting several claims for constitutional violations via 42 U.S.C. § 1983. Among them are claims for denial of property rights without the due process guaranteed by the Fourteenth Amendment, denial of substantive due process, and

unconstitutional taking of property. Plaintiff also alleges breach of contract under Michigan law. As relief, he requests that the Court issue a declaratory judgment stating that he is entitled to Amann benefits, order Defendants to restore those benefits, and award damages as well as attorney's fees and costs. Defendants Evans and Wayne County moved to dismiss the Complaint for failure to state a claim on May 22, 2019. *See* ECF No. 9. The Court will grant the motion and dismiss Plaintiff's claims without prejudice.

## LEGAL STANDARD

Rule 12(b)(6) of the Federal Rules of Civil Procedure permits dismissal of a lawsuit where the defendant establishes the plaintiff's "failure to state a claim upon which relief can be granted." Consideration of a motion to dismiss under Rule 12(b)(6) is generally confined to the pleadings. *Jones v. City of Cincinnati*, 521 F.3d 555, 562 (6th Cir. 2008). Courts may, however, consider any exhibits attached to the complaint or the defendant's motion to dismiss "so long as they are referred to in the Complaint and are central to the claims contained therein." *Bassett v. Nat'l Collegiate Athletic Ass'n*, 528 F.3d 426, 430 (6th Cir. 2008) (citing *Amini v. Oberlin Coll.*, 259 F.3d 493, 502 (6th Cir. 2001)). The exhibits attached by the parties in this case satisfy those parameters.

In evaluating a motion to dismiss under Rule 12(b)(6), courts "must construe the complaint in the light most favorable to the plaintiff, accept all well-pled factual allegations as true and determine whether the

plaintiff undoubtedly can prove no set of facts consistent with their allegations that would entitle them to relief." *League of United Latin Am. Citizens v. Bredesen*, 500 F.3d 523, 527 (6th Cir. 2007) (citing *Kottmyer v. Maas*, 436 F.3d 684, 688 (6th Cir. 2006)). Though this standard is liberal, it requires a plaintiff to provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action" in support of her grounds for entitlement to relief. *Albrecht v. Treon*, 617 F.3d 890, 893 (6th Cir. 2010) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 554, 555 (2007)). Under *Ashcroft v. Iqbal*, the plaintiff must also plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." 556 U.S. 662, 678 (2009) (citation omitted). A plaintiff falls short if she pleads facts "merely consistent with a defendant's liability" or if the alleged facts do not "permit the court to infer more than the mere possibility of misconduct." *Albrecht*, 617 F.3d at 893 (quoting *Iqbal*, 556 U.S. at 678–679).

## DISCUSSION

The dispositive question before the Court is whether Plaintiff's years of service as a probate judge may be counted toward the "8 years of County Service" that are required to qualify for Amann benefits under Resolution 2011-512. Defendants do not appear to dispute that Plaintiff's almost-six years of employment as Chief Deputy Treasurer for the County and as a laborer for the Wayne County Road Commission qualify as "County service". Rather, they contend that Plaintiff's claims should

7

be dismissed as a matter of law because his 19 years of service as a probate judge cannot count towards the 8 years of "County service" needed to qualify for post-employment benefits. *See* ECF No. 9, PageID.47. Unfortunately for the position advocated by Plaintiff, there is caselaw from the Michigan Supreme Court and Michigan Court of appeals establishing that Wayne County probate judges are not County employees and therefore that Plaintiff does not have the eight years of "County service" required to receive benefits under Resolution No. 2011-512. Accordingly, because each of Plaintiff's claims relies on the argument that the Defendants are denying him a benefit he is entitled to, the Court will dismiss those claims as a matter of law.

Probate courts comprise one of the three primary divisions of trial courts in Michigan's state-court system, all of which fall under the "general superintending control" of the Michigan Supreme Court. *Housey v. Macomb Cty.*, 534 F. App'x 316, 317 (6th Cir. 2013) (quoting Mich. Const. art. VI § 4). Article 3, § 2 of the Michigan Constitution provides that "[n]o person exercising powers of one branch [of government] shall exercise powers properly belonging to another branch." Accordingly, each branch of government must retain managerial administrative authority to carry out its own operations. Any attempt by the legislative branch to limit the judicial branch's control of court workers "impermissibly interferes with the judiciary's inherent authority to manage its internal

operations." *Judicial Attorneys Ass'n v. State*, 586 N.W.2d 894, 898 (Mich. 1998).

In 1998, the Michigan Supreme Court in *Judicial Attorneys Association v. State* struck down several sections of Public Act 374 of 1996,[3] which had restructured the Michigan judiciary and reorganized statutes governing state courts within the Michigan Compiled Laws. 586 N.W.2d 894. *See Turppa v. Cty. of Montmorency*, 710 F. Supp. 2d 619, 623 (E.D. Mich. 2010) (Ludington, J.). *Compare* Mich. Comp. Laws § 600.593a (statute applicable to Detroit Recorders' Court directly struck down by the Supreme Court) *with* Mich. Comp. Laws § 600.837 (statute containing parallel provisions that govern Michigan probate courts). *See also Turppa*, 710 F. Supp. 2d at 625 (comparing provisions of Mich. Comp. Laws § 600.837 with those of Mich. Comp. Laws § 600.593a). Under Public Act 374, several provisions of which were found to be unconstitutional, the legislature had designated most employees of Michigan's circuit courts, district courts, and probate courts employees of the local government unit that funded their employment. *Id.* (citing Mich. Comp. Laws §§ 600.591, 837, 8271, 8273, 8274). This, according to the Supreme Court, raised separation-of-powers concerns. *Judicial Attorneys Ass'n*, 586 N.W.2d at 897; *Turppa*, 710 F. Supp. 2d at 624. Judicial

---

[3] Specifically, the Supreme Court struck down Mich. Comp. Laws §§ 600.593(3) through (10) and "parallel provisions" of Mich. Comp. Laws. §§ 600.591 (Circuit Courts), 600.837 (Probate Courts), 600.8271 (District Courts), 600.8273 (other Wayne County and Detroit-area courts), and 600.8274 (Detroit Judicial Council).

workers, the court concluded, rather than being employed by the County must instead be employed by the judicial branch, even if the County funds their salaries and benefits. *Judicial Attorneys Ass'n*, 586 N.W.2d at 897; *Turppa*, 710 F. Supp. 2d at 624. Consistent with the Michigan Supreme Court's decision, the Sixth Circuit instructed in 2013 that "[u]nder Michigan law, the probate court is the sole presumptive employer of its personnel." *Housey*, 534 F. App'x at 325 (citing *Judicial Attorneys Ass'n*, 586 N.W.2d at 898–99; *Judges of 74th Judicial Dist. v. Bay City*, 190 N.W.2d 219 (Mich. 1971) (explaining that "[e]employees of the district court are employees of the judicial district" and "not employees of the county, city or other district control unit, even though they are paid by the district control unit")). *See Turppa*, 710 F. Supp. 2d at 624 ("[A]n employee of a Michigan state court, whether a probate, circuit, or district court, is an employee of the court and not an employee of the county where the court is located.").

Both parties appear to overlook the fact that Public Act 374 and parallel statutes addressed by the Michigan Supreme Court in *Judicial Attorneys Association* already expressly excluded judges from their definition of judicial workers encompassed by the statutes. Section 600.837, which governed the operation of Michigan's probate courts and delineated the respective authority of the county and chief judge over those courts, stated, "the county is the employer of the county-paid employees of the probate court in that county." Mich. Comp. Laws

§ 600.837(2). But the same statute further explained that the term "'county-paid employees of the probate court' means persons employed in the probate court in a county who receive any compensation as a direct result of an annual budget appropriation approved by the county board of commissioners of that county, *but does not include a judge of the probate court.*" Mich. Comp. Laws § 600.837(10) (emphasis added). Accordingly, the legislature had never attempted to designate probate judges as County employees in the first place. Essentially, the Supreme Court's decision in *Judicial Attorneys Association* did not alter the status of probate judges because the challenged statutes already specifically excluded judges from the definition of "county-paid employees of the probate court." *See* Mich. Comp. Laws § 600.837(10).

Nonetheless, the Michigan Supreme Court's opinion in *Judicial Attorneys Association* underscored the court's concern that "[f]rom a separation of powers standpoint, it is troubling that persons working solely within one branch be regarded as employees of another branch of government." *Judicial Attorneys Ass'n*, 586 N.W.2d at 898. If the Supreme Court was concerned that designating judicial workers—excluding judges—as County employees would impermissibly interfere with the judiciary's independence and ability to handle its internal operations, how much greater would the Supreme Court's separation-of-powers concerns be if *judges* were to be labeled employees of the County? The holding in *Judicial Attorneys Association* simply cannot square with

11

Plaintiff's assertion that he was an employee of Wayne County while serving as a probate judge.

Further, the fact that Plaintiff was paid by Wayne County while working as a probate judge does not militate in favor of his position. It has long been acknowledged that although Michigan's trial and probate courts rely on local governmental units for operational funding "the fundamental and ultimate responsibility for all aspects of court administration, including operations and personnel matters within the trial courts, resides within the inherent authority of the judicial branch." *Judicial Attorneys Ass'n*, 586 N.W.2d at 897. Addressing the question of whether a probate-court register working in Macomb County could be considered an employee of Macomb County, the Sixth Circuit similarly determined in *Housey v. Macomb County* that the County "was merely the local funding unit" whereas the probate court was the register's employer. 534 F. App'x at 325. The fact that Wayne County handles payroll and benefits calculations for the probate court does not render probate court personnel, especially judges, County employees. *See id.*

Additionally, the Michigan Court of Appeals has already deemed unambiguous the phrase "a total of 8 years of County service" as used in County Resolution No. 2011-51. *Mullen v. Cty. of Wayne*, No. 316792, 2014 WL 5408971, at *4 (Mich. App. Oct. 23, 2014) (unpublished) (per curiam). Affirming a decision by the trial court, the appeals court determined that the plain language of that phrase means that "to be

12

eligible for benefits under Resolution No. 94-903, a person must have been employed *by the County* for at least eight years at the time of separation from County employment." *Id. See Koontz v. Ameritech Servs., Inc.*, 645 N.W.2d 34, 39 (Mich. 2002) ("When the legislature has unambiguously conveyed its intent in a statute, the statute speaks for itself, and judicial construction is not permitted."). *Mullen* involved a plaintiff who had worked for the Wayne County Airport Authority and argued that her employment there should be considered towards fulfilling the eight-year "County service" requirement for post-employment benefits. The Michigan Court of Appeals disagreed with her, finding that "[e]mployment by the Airport Authority is not the same as employment by the County and, thus, does not constitute 'county service' within the contemplation" of the Amann Resolutions. *Id.* This Court declines to depart from the Michigan Court of Appeals' determination that the phrase "8 years of County service" is unambiguous. And Plaintiff has not advanced any statutory-interpretation argument in favor of construing the term "County service" differently that would encompass employment as a County probate judge. He rests solely on the fact that his paychecks were paid by the Wayne County Treasurer, which this Court has already deemed irrelevant to assessing whether Plaintiff was in "County service."

The Court is likewise unpersuaded by Plaintiff's contractual-estoppel argument that the County must provide him post-employment

13

coverage because it previously told him he was entitled to such benefits. As an initial matter, Plaintiff does not assert a claim for promissory estoppel in his Complaint and cannot now raise that claim in response to Defendant's motion to dismiss. *See Richter v. Seterus, Inc.*, No. 15-cv-12874, 2016 WL 8200520, at *2 (E.D. Mich. May 16, 2016) ("A response to a motion to dismiss is the improper forum for asserting a new claim."). Even were he permitted to raise such a claim outside of his pleading, Plaintiff has not alleged facts asserting that he in fact relied on Defendants' alleged promise that he was entitled to Amann benefits "such that the promise must be enforced if injustice is to be avoided." *Novak v. Nationwide Mut. Ins. Co.*, 599 N.W.2d 546, 552 (Mich. 1999) (outlining the elements of promissory estoppel). Accordingly, he fails to plead a required element of promissory estoppel. If Plaintiff is attempting to make defensive use of principles of estoppel rather than to assert a new claim for promissory estoppel, he has not provided legal support that convinces the Court he is permitted to do so in this context. *Cf. State Bank of Standish v. Curry*, 500 N.W.2d 104 (Mich. 1993) (addressing an affirmative claim for promissory estoppel); *Andrusz v. Andrusz*, 904 N.W.2d 636 (Mich. App. 2017) (appearing to apply equitable-estoppel theory to assess contract interpretation in construing consent judgment of divorce); *Clark v. Coats & Suits Unlimited*, 352 N.W.2d 349, 354 (Mich. App. 1984) ("It is well settled that promissory estoppel, if established, can be invoked to defeat the defense of the statute of frauds.").

## CONCLUSION

For these reasons, the motion to dismiss (ECF No. 9) filed by Defendants Warren Evans and Wayne County is **GRANTED**. Plaintiff David Szymanski's claims will accordingly be dismissed without prejudice.

**SO ORDERED.**

Dated: March 10, 2020                s/Terrence G. Berg
                                     TERRENCE G. BERG
                                     UNITED STATES DISTRICT JUDGE